IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| GABRIEL STEVEN LITTLE DOG, | CV 18-00097-M-JTJ |
| Plaintiff, | |
| vs. | SECOND AMENDED TRIAL SCHEDULING ORDER |
| DAVID COOPER, MICHAEL CAREY, JENNIFER ROOT, CHUCK CURRY, FLATHEAD COUNTY, and the FLATHEAD COUNTY SHERIFF'S OFFICE, | |
| Defendants. | |

Plaintiff Gabriel Little Dog has filed a Motion for Leave to File Witness Subpoenas asking the Court to serve witness subpoenas on two expert witnesses. (Doc. 69.)  Mr. Little Dog was advised in the Court's numerous prior scheduling orders that unretained expert witnesses may not be subpoenaed.  (Doc. 9-1 at 4; Doc. 43 at 11; Doc. 43-2 at 3; Doc. 55 at 11); *see also* Fed.R.Civ.P. 45(c)(3). Accordingly, on May 12, 2020, the Court required Mr. Little Dog to clarify whether the individuals he was seeking to subpoena were retained experts and why they were required a subpoena.  (Doc. 71.)  On May 19, 2020, Mr. Little Dog filed two documents entitled "Motion for Disclosure of Expert Witnesses with Voluntary Appearance."  (Docs. 76, 77.)  The Court has construed those filings as a response to its May 12, 2020 Order because in those documents, Mr. Little Dog

1

indicates that his expert witnesses will appear voluntarily.  Accordingly, the

Motion for Leave to File Witness Subpoenas (Doc. 69), will be denied.  Because

the motions for disclosure have been construed as responses to the Court's May 12,

2020 Order, the Clerk of Court will be directed to terminate the Motions for

Disclosure.  The Court, however, makes no ruling at this time on whether or not

the individuals identified in Mr. Little Dog's "Motions for Disclosure" will be

allowed to testify at trial.  Defendants have filed Motions in Limine regarding the

admissibility of the testimony of Mr. Little Dog's experts.  (Docs. 73, 78.)  The

Court will address those motions and the admissibility of the testimony of those

witnesses once Mr. Little Dog has responded to the Motions in Limine.

In addition, Defendants have filed a Motion to Vacate Trial Date in light of

the difficulties associated with preparing for trial during the COVID-19 crisis.

(Doc. 72.)  The motion will be granted.

Accordingly, the Court issues the following:

**ORDER**

1.  Mr. Little Dog's Motion for Leave to File Witness Subpoenas (Doc. 69)

is DENIED.  Mr. Little Dog shall immediately notify the Clerk of Court regarding

where to return the witness fee money orders.

2.  The Clerk of Court is directed to terminate Mr. Little Dog's Motions for

Disclosure of Expert Witnesses (Docs. 76, 77) as those documents are construed as

a response to the Court's May 12, 2020 Order for clarification.

     3.  Defendants' Motion to Vacate Trial Date (Doc. 72) is GRANTED and the June 16, 2020 trial date is VACATED.  The Writ of Habeas Corpus ad Testificandum commanding the United States Marshals and Warden Lynn Guyer of the Montana State Prison, Deer Lodge, Montana, to transport Mr. Little Dog for trial on June 16, 2020 (Doc. 58) is RESCINDED.  The Clerk of Court shall notify the United States Marshals and Warden Guyer of the issuance of this Order.

     4.  The following schedule will govern all further proceedings:

| | |
|---|---|
| Mr. Little Dog's Requests for Trial Subpoenas: | July 8, 2020 |
| Conference to Prepare Final Pretrial Order: | week of July 20, 2020 |
| File proposed Final Pretrial Order, proposed Jury Instructions, proposed Verdict Form, proposed Voir Dire Questions, and Trial Briefs (optional); and submit exhibits: | August 5, 2020 |
| Notice to Court Reporter of Intent to Use Real-Time: | August 5, 2020 |
| Notice to I.T. Supervisor of Intent to Use CD-ROM or Videoconferencing: | August 5, 2020 |
| Final Pretrial Conference: | August 19, 2020 at 9:00 a.m. Mike Mansfield Federal Courthouse 400 N. Main Butte, MT  59701 |

Jury Trial (6-member jury):                        August 19, 2020 at 10:00 a.m.
Mike Mansfield Federal Courthouse
400 N. Main
Butte, MT  59701

5.  **Number of Jurors and Length of Trial**.  Trial of this case shall be conducted in Butte, Montana, before a jury of six persons.  In light of Mr. Little Dog's incarceration status, the names of potential jurors shall not be made available to the parties until the final pretrial conference on August 19, 2020.  The Court has set aside two days for trial.

6.  **Conference for Trial Preparation**.  On or before date set forth above in paragraph 4, counsel for Defendants shall convene a conference with Mr. Little Dog to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b).  In light of the restrictions which may be associated with the COVID-19 crisis, this conference may be done telephonically or through written correspondence.

The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4.  Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list.  *See generally* Forms D, E, and F, Local Rules Appendix C which were previously provided to Mr. Little Dog.

7.  **Final Pretrial Order**.  Mr. Little Dog and defense counsel must hand sign the proposed Final Pretrial Order.  Defense counsel shall scan and file the proposed document electronically on or before the date set forth above in paragraph 4.  *See* Local Rule 11.2(a)(2).  Counsel for Defendants shall also e-mail a copy of the proposed Final Pretrial Order to jtj_propord@mtd.uscourts.gov on or before the date set forth above in paragraph 4.  Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

8.  **Trial Exhibits**.

(a)  Exhibits must be exchanged between the parties prior to the submission of the Final Pretrial Order.

(b)  Each party must submit the following copies of each document exhibit to the Court as follows:

(i)  One set must be mailed to the Clerk of Court in Missoula on or before the date set forth above in paragraph 4.  All exhibits must be clearly labeled and arranged in numerical order.  Mr. Little Dog must mail these documents via the United States Postal Service and may not submit them pursuant to the Prisoner E-Filing Project at Montana State Prison.

(ii)  A second set of document exhibits shall be submitted for the exclusive use of the Judge and delivered to the office of Judge Johnston in Great

5

Falls on or before the date set forth above in paragraph 4.  Defendants' exhibits shall be contained in a binder and must bear an extended tab showing the number of the exhibit.  Mr. Little Dog's document exhibits must be arranged in numerical order and may be, but need not be, bound in a loose-leaf binder, with or without extended tabs.  These documents must be mailed to Judge Morris in Great Falls and Mr. Little Dog may not submit them pursuant to the Prisoner E-Filing Project at Montana State Prison.

   (iii)  The Court will use the digital Jury Evidence Recording System (JERS) which allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.[1]  Accordingly, Counsel shall also provide an electronic copy of Defendants' exhibits to the Court's courtroom deputy in Missoula on or before the date set forth in paragraph 4 in a format compatible with the Jury Evidence Recording System (JERS).  The Clerk of Court will scan Mr. Little Dog's exhibits into JERS.

  (c)  Each exhibit must show the number of the exhibit.  The exhibit lists must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed.R.Civ.P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

---

[1]Detailed information about how to use JERS, including contact information for District personnel who can assist in understanding and using JERS, is found on the Court's website, http://www.mtd.uscourts.gov under the headings "Attorneys: Presenting Your Case in the Courtroom."

(d)     Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Mr. Little Dog using an agreed upon range of Arabic numbers and by Defendant using a different agreed upon range of Arabic numbers. The parties shall not use the same range of exhibit numbers.

(e)     Each exhibit document will be paginated, including any attachments thereto.  That is, any document exhibits that contain more than one page must have page numbers clearly marked on each page of the exhibit.  Exhibit numbers shall not obscure the text or substance of the exhibit.  They shall be numbered in such a manner that if a sheet were to fall out it would be clear where it would properly belong, e.g., Pl.'s 2nd page of Ex. 1 would be numbered 1-2, 3rd page 1-3, etc.

(f)   Exhibits shall not be duplicated.  If one party plans to offer a particular exhibit, the other party shall not number and submit the same exhibit.  An exhibit may be used by either of the parties.  No two exhibits shall bear the same number.

(g)  All objections to exhibits must be made at or before the final pretrial conference.  Objections not timely made will be deemed waived at trial.

(h)  Failure to comply with (a) through (g) above may result in the exclusion of the exhibit at trial.

9**. Trial Briefs**.  Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 4.

10**. Final Pretrial Conference**.  A final pretrial conference will be held on

7

the date and time set forth in paragraph 4 with a jury trial to follow immediately thereafter at the Mike Mansfield Federal Courthouse in Butte, Montana.

11**. Jury Instructions**.

(a)  The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions).  If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.**  The parties shall also prepare an agreed upon verdict form with the instructions.  If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b)  Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form:  By the date set forth in paragraph 4, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to jtj_propord@mtd.uscourts.gov.

(c)  Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms:  By the date set forth in paragraph 4, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, format to

jtj_propord@mtd.uscourts.gov.

(d)  Conventional Filers' Supplemental Proposed Jury Instructions and
Separate Verdict Forms:  By the date set forth in paragraph 4, Mr. Little Dog shall
submit one working copy of his supplemental proposed Jury Instructions, together
with his proposed verdict form if the parties do not jointly propose one to prison
officials for scanning and e-mailing to the Court pursuant to the Prisoner E-Filing
Project at Montana State Prison.

**12.  Format of Jury Instructions.**

(a)  The clean copy shall contain:

    (1)  a heading reading "Instruction No. ____", and

    (2)  the text of the instruction.

(b)  The working copy shall contain:

    (1)  a heading reading "Instruction No. _____",

    (2)  the text of the instruction,

    (3)  the number of the proposed instruction,

    (4)  the legal authority for the instruction, and

    (5)  the title of the instruction; i.e., the issue of law addressed by the
    proposed instruction.

(c)  Jury instructions shall be prepared in 14-point Times New Roman
font.

**13.  Settling of Instructions**.  The Court will settle final jury instructions, on the record, prior to closing argument, at which time the parties may present argument and make objections.

**14.  Calling Witnesses at Trial**.  When a party calls a witness to testify at trial, they shall provide the Clerk of Court with four copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

a) the full name and current address of the witness;

b) a brief description of the nature and substance of the witness's testimony;

c) the date the witness was deposed, or their statement was taken; and

d) a listing of each exhibit to which the witness may refer during direct examination.

**15.  Technology.**  Any party intending to use CD-ROM technology or video teleconferencing for witnesses at trial shall notify the Court's I.T. Supervisor on or before the date set forth above in paragraph 4.

The parties shall provide notice to the court reporter on or before the date set forth above in paragraph 4 of their intent to use real-time.

**16.  Writs and Subpoenas.**

(a)  Defendants may subpoena witnesses in the usual manner.  Defendants must issue subpoenas to witnesses on their will-call witness list and may not

10

release those witnesses without leave of Court.

(b) Mr. Little Dog's Subpoena Requests; Time to File.

(1)   As Mr. Little Dog has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve witness subpoenas for trial. **Mr. Little Dog must submit his subpoena requests to the Court on or before the date set forth above in paragraph 4.** Those subpoena requests must comply with the requirements set forth herein or the subpoenas will not be served. These subpoena requests must be submitted pursuant to the Prisoner E-Filing Project at Montana State Prison.

(2)   Mr. Little Dog's subpoena requests must identify the witness by name, current address, a brief description of their expected testimony, an indication whether they are prisoners or not and whether Mr. Little Dog anticipates that they will be prisoners at the time of trial, and on what date and at what time Mr. Little Dog anticipates they will testify. Mr. Little Dog shall prepare a subpoena form for each witness he wants to subpoena to trial. The Clerk of Court will provide him a copy of the standard subpoena form.

(c) Mr. Little Dog's Witnesses for Whom a Subpoena is Required.

(1)   If Mr. Little Dog wishes to call a prisoner as a witness, Mr. Little Dog must request a subpoena for the prisoner. Prisoner witnesses will most likely appear by video.

11

(2)     Non-prisoner witnesses who will appear voluntarily do not need to be subpoenaed.  However, if Mr. Little Dog expects a witness to appear voluntarily but the witness does not do so, trial will not be delayed while Mr. Little Dog attempts to serve a subpoena on the witness.  The Court may decline to order the service of a subpoena that is not requested at the time set forth in paragraph 4.

(3)     Mr. Little Dog need not subpoena any witness who is on Defendants' will-call witness list.  However, if Defendants move before trial to quash a subpoena to any of their will-call witnesses, and if Mr. Little Dog opposed quashing of the subpoena, Mr. Little Dog may be required to pay that witness's fees.

(4)     Mr. Little Dog is again advised that unretained expert witnesses may not be subpoenaed and that subpoenas may issue only to individuals who reside, are employed, or who regularly transact business in the District of Montana. *See* Fed. R. Civ. P. 45(c)(1).

(d)  Witness Fees.

(1)     Prisoner-witnesses are not entitled to fees.

(2)     As to all other witnesses Mr. Little Dog intends to subpoena, and notwithstanding his forma pauperis status, Mr. Little Dog must pay the witness fees appropriate to each witness which includes:  a $40.00 witness fee plus mileage for the distance between his or her home or work address and the courthouse at a

rate of $0.575 per mile.  *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890

F.2d 210 (9th Cir. 1989).

(3)   The witness fee must be paid by institutional check or money

order **MADE PAYABLE TO THE WITNESS**.  The check or money order must

be mailed separately to the Clerk of Court in Missoula, Montana**.**  The Court will

not order service of any subpoena unless the Clerk's Office receives the

appropriate witness attendance fee made payable to the witness.

Mr. Little Dog must promptly inform the Court and opposing counsel for the

Defendants of any change of address.

DATED this 22nd day of May, 2020.

 */s/ John Johnston*
John Johnston
United States Magistrate Judge